No. 2438.—CHRISTOPHER DE HARDE, Master of the ship Constantia, v. BARK MAGDALENA, MASTER AND OWNERS.

The State courts can not enforce an admiralty lien given by law for the recovery of damages for a maritime tort; and an attachment will not lie where the claim is for damages ex delicto. 22 An. 388.

A master in command of a vessel is not liable for the damages which his vessel has done to another by a collision if he was not on board of his vessel at the time of the collision.

APPEAL from the Seventh District Court, parish of Orleans. Collens, J. E. W. Huntington, for plaintiff and appellee. Hays & New, for defendants and appellants.

WYLY, J. The plaintiff sues the bark Magdalena, master and owners, for the damage done his ship, the Constantia, by a collision between it and the bark Magdalena. Citation was only served on the master; the owners are therefore not before the court. The bark was attached and subsequently released on bond.

The defense is the general denial and the averment that at the time of the collision the bark was under the control of the Harbormaster of New Orleans, and that the damage was not occasioned by any fault, negligence or unskillfulness on the part of the officers or crew. The court rejected plaintiff's demand and he has appealed.

The collision, it seems, occurred while the Constantia was lying at the levee, in this city, a short distance astern the Magdalena. The harbormaster began to move the Magdalena to another position when her head line parted, and her bow swinging around came in collision with the Constantia, causing the damage complained of. This case is similar to that of Young v. The Princess Royal, 22 An. 388, upon which the defendant relies. As was said in that case, we will remark that the State courts can not enforce an admiralty lien given by law for the recovery of damages for a maritime tort; and an attachment will not lie where the claim is for damages ex delicto.

But it was perfectly competent for the plaintiff to institute a personal action against the master and owners for whatever damage he may have suffered by the tort; and this suit may be so treated.

From the evidence we are satisfied that the damage occurred by the fault of the harbormaster, who commanded the vessel at the time, the master not being on board when the collision occurred. Whether the owners are responsible or not for the negligence or fault of the harbormaster which occasioned the collision, we can not in this case decide, because the owners are not before the court. We have no difficulty, however, in deciding that the master is not responsible to the plaintiff for the damage, because he was not on board the vessel at the time of the collision. One agent ought not to be held responsible for the fault of another, although the principal or owner of the vessel may be responsible for the fault of either.

If the law at this place makes it the duty of the harbormaster to take personal command of the vessel in causing it to be moved from one position to another at the levee, it may be that the owner is responsible for the fault of the harbormaster, on the theory that the latter is his agent, selected for that purpose by the law, to which the owner voluntarily assented when he sent his vessel to this port. This question, as before remarked, can not be determined now, as the owners of the vessel are not before the court.

Judgment affirmed.

· Rehearing refused.